United States Bankruptcy Court for the District of New Jersey
Order Filed on
05/08/2013
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| In Re: Allen DiSabatino,<br>Debtor. | Case No.: 11-45728<br><br>Adv. No.: 12-01519 |
| Daniel Geberth,<br>Plaintiff,<br><br>vs.<br><br>Allen DiSabatino,<br>Defendant(s). | Judge: Novalyn L. Winfield |

## CONSENT ORDER ADOPTING SETTLEMENT AGREEMENT

THIS CAUSE came before the Court on the Joint Application for Order Adopting Settlement Agreement and Reserving Jurisdiction to Enforce Same ("Motion"), after having reviewed the Application, reviewed the file, reviewed the Settlement Agreement, and otherwise being fully apprised on the premises, it is hereby:

**ORDERED, ADJUDGED and DECREED**:

1. The Application is GRANTED.

2. The Settlement Agreement attached hereto as **Exhibit "A"** is hereby Adopted by this Court.

3. The parties shall comply with the terms of the Settlement Agreement.

4. This Court will retain jurisdiction to enforce the terms of the Settlement Agreement and any matters associated therewith.

**DATED: 05/08/2013**

Honorable Novalyn L. Winfield
United States Bankruptcy Judge

5. The Proof Hearing scheduled for May 20, 2013 at 2:00 p.m. is hereby removed from the Court's calendar.

**DONE and ORDERED** in Camden, New Jersey on this ______ day of _________, 2013.

_________________________________
United States Bankruptcy Judge

The relief herein was consented to as shown by their signatures below on this ____ day of April 2013 by David Ast on behalf of debtor Allen DiSabatino and by Joelle Schultz on behalf of Daniel Geberth.

/s/ David Ast
David Ast, Esquire
Attorney for Defendant/Debtor
Allen DiSabatino

/s/ Joelle Schultz
Joelle Schultz, Esquire
Attorney for Plaintiff/Creditor
Daniel Geberth

Copies furnished to:

Joelle Schultz, Esquire
3110 Alt. US 19 N., Palm Harbor, FL 34683
Telephone: (727) 772-1941
Facsimile: (727) 771-7940
E-mail: Joelle@roberteckardlaw.com
*Counsel for Plaintiff*

David A. Ast, Esquire
222 Ridgedale Avenue
P.O. Box 1309
Morristown, N.J. 07962-1309
Telephone: 973-984-1300
Facsimile: 973-984-1478
Email: David@davisastlaw,com
*Counsel for Defendant*



*Approved by Judge Novalyn L. Winfield May 08, 2013*

# SETTLEMENT AGREEMENT

Daniel Geberth ("Mr. Geberth" and "Plaintiff") and Allen DiSabatino ("Mr. DiSabatino" or "Defendant") enter into this settlement agreement ("Agreement") on ~~January~~ march 3, 2013 (Plaintiff and Defendant shall be referred to collectively as "Parties").

## RECITALS

WHEREAS, on May 22, 2012, Plaintiff timely filed an Adversary Complaint against Defendant, Case Number: 12-01519-NLW, in the U.S. Bankruptcy Court, District of New Jersey ("Adversary Proceeding");

WHEREAS, on October 13, 2012 a Default was entered against Defendant in the Adversary Proceeding ("Default").

WHEREAS, on December 9, 2012, Defendant moved to set aside the Default ("Motion").

WHEREAS, on January 4, 2013, the Court denied the Defendant's Motion.

WHEREAS, a Proof Hearing is scheduled in the Adversary Proceeding.

WHEREAS, Plaintiff and Defendant desire to bring this action, identified by the case number listed above, to a mutually satisfactory conclusion without further litigation.

## CONSIDERATION

NOW THEREFORE, in consideration, which is acknowledged as sufficient by all parties, of the mutual covenants contained herein, the Parties agree as follows:

1. The Recitals set forth above are true and correct and hereby incorporated herein.

2. Compensation. Defendant shall pay to Plaintiff the sum of $100,000 which shall be due and payable as follows:

   a. $5,000 on or before March 1, 2013;
   b. $1,000 per month payable by the 15th of each month, for the five (5) consecutive months following February 15, 2013 with the first $1,000 payment being due and payable no later than March 15, 2013; and
   c. $2,000 per month payable by the 15th of each month, for the next forty-five (45) consecutive months following July 15, 2013, with the first payment being due and payble no later than August 15, 2013.
   d. All payments shall be made in Cashiers,Certified Check, or regular Check[1].
   e. All payment shall be made to:

   Law Office of Robert Eckard & Associates, P.A.

---

[1] However, if the check bounces then Defendant will be in immediate default as outlined herein and must cure default and pay any and all fees and costs associated with the bouncing of the check.

EXHIBIT A

Blumberg No. 5208

______________________________/

3110 Alternate US 19 North
Palm Harbor, Florida 34683

3. Stipulation of Final Judgment. Defendant agrees to all the allegations contained in the Stipulated Final Judgment attached hereto as **Exhibit "A"** and agrees to execute same contemporaneously herewith. Plaintiff shall hold the Stipulated Final Judgment in trust, until and unless there is a Default hereunder, which is more fully described below.

4. Default. If payment is not made as required under the terms set forth above, including, if a check bounces,the Defendant shall be deemed in default of this Agreement ("Default").

5. Notice of Default. Upon Default, Plaintiff will send notice of same to Defendant (as outlined below) ("Notice of Default").

6. Cure of Default. Upon dissemination of Notice of Default, Defendant shall have ten (10) business days in which to cure said Default (which, in the event of a bounced check shall include any and all fees and charges incurred as direct result of the bouncing of the check).

7. Filing of the Stipulated Final Judgment. If Defendant does not cure said Default within the allotted ten (10) business day time period, Plaintiff shall file an Affidavit of Non-Payment with the Court, which shall include the amount of payments received by Plaintiff, to date, in the Adversary Proceeding of *Geberth v. Disabatino*, Case Number: 11-45728, in and for the United States Bankruptcy Court, District of New Jersey, then, Plaintiff has the right to file, obtain entry and begin execution of the Stipulated Final Judgment which amount will be collected in full, less credit for payments received by Plaintiff as will be referenced in the Affidavit of Non-Payment.

8. Waiver of Defenses, Appellate Rights, etc. Upon Default, Defendant hereby unconditionally waives any and all known or unknown defenses, appellate rights, or otherwise, he may have to challenge the Stipulated Final Judgment or to challenge the terms of this Agreement.

9. Notices. Upon Default, Plaintiff agrees to send Notice of Default, by U.S. Mail delivery, to Defendant ("Notice"). Said Notice shall be effective upon dispatch regardless of whether or not Notice is actually received by Defendant. The Notice shall be sent as follows:

Allen DiSabatino
9 Darmouth Court
Livingston, New Jersey

*With a copy, via email or fascimile to:*

______________________________/

David A. Ast, Esquire
David Alan Ast, P.C.
P.O. Box 1309
222 Ridgedale Avenue
Morristown, NJ 07962
Email: davidast@davidastlaw.com
Facsimile: 973-984-1478

- Defendant shall have the right to change the address to which notices shall be sent by giving written notice of the new address to Plaintiff as follows:

Joelle Schultz, Esquire
Law Office of Robert Eckard & Associates, P.A.
3110 Alternate US 19 North
Palm Harbor, Florida 34683
Email: Joelle@roberteckardlaw.com

10. Acceptance of Payment: An acceptance of a payment after the ten (10) business day grace period shall be deemed a waiver of a Default under this Agreement. Plaintiff has the right to elect to reject the payment received after the said grace period and must immediately return the payment to defendant and provide notice of rejection.

11. Modification of Agreement: This Agreement shall not be modified, altered, or amended except by a document in writing, properly executed by all Parties.

12. Signatures: Original signatures are not required and facsimile copy may be used in lieu of originals. This Agreement may be signed in counterparts.

13. Successors and Assigns. The Parties, and anyone who succeeds to their rights and responsibilities hereunder, including their successors, heirs, personal representatives, and assigns, are bound by this Agreement. This Agreement is made for the benefit of the parties and all who succeed to their rights and responsibilities.

14. Enforcement of Agreement: The Parties agree that if any party hereto institutes legal action to enforce any of the provisions hereof, the prevailing party is entitled to its reasonable attorneys' fees and costs. The Parties agree that the exclusive venue for any action to enforce this Agreement is the appropriate court in and for Pinellas County, Florida, and the parties waive venue elsewhere.

15. Entire Agreement: Parties agree this Agreement is the final agreement of the parties. All agreements related to this Agreement have been materialized herein. There have been no oral agreements prior or contemporaneous that have not been included herein.

16. Severability: Invalidity or unenforceability of one or more provisions of this Agreement shall not affect any other provision of this Agreement.

17. Independent Counsel. By signing this Agree,emt, the parties acknowledge and agree that they have duly considered, approved and authorized this Agreement, and have taken all necessary actions for it to be valid and binding. The parties further acknowledge they have been afforded a reasonable and sufficient period of time to review the terms thereof and they have had the opportunity to consult with legal counsel or a representative of their choice before signing it; and has signed it both freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder.

18. Construing Agreement. The language of this Agreement is the product of the mutual effort of the Parties. This Agreement shall be construed fairly as to all Parties, and it shall not be construed for or against either of the Parties on the basis of the extent to which that party participated in drafting it.

_______________________________ march 1, 2013
Daniel Geberth, Plaintiff Date

_______________________________ February 28, 2013
Allen DiSabatino, Debtor/Defendant Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

**David A. Ast DA6948**
**DAVID ALAN AST, P.C.**
PO Box 1309 222 Ridgedale Avenue
Morristown, NJ 07962-1309
973-984-1300 Fax 973-984-1478
Attorneys for Debtor/Defendant

MAR 18 2013

In Re:
Allen DiSabatino
Debtor.

Daniel Geberth, Plaintiff

v.

Allen DiSabatino, Defendant

Case No. 11-45728 (NLW)

Chapter 7

Adv. Pro. 12-1519

Judge: NOVALYN L. WINFIELD

**STIPULATED FINAL JUDGMENT FINDING DEFENDANT'S CLAIM NONDISCHARABLE PURSUANT TO 11 U.S.C. § 523 (a)(2)(A) AND ENTERING MONETARY JUDGMENT REGARDING SAME**

THIS CAUSE came before the Court on the Settlement Agreement of the Parties, having reviewed the Settlement Agreement, having reviewed the Affidavit of Non-Payment, and having received the consent and the admission of the Defendant, and otherwise being fully apprised on the premises, the Court and **FINDS:**

1. The allegations contained in Plaintiff's Complaint are true and correct and the debt due and owing by Debtor/Defendant to Plaintiff in the amount of $181,245.00 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) of the United States Bankruptcy Code.

**IT IS HEREBY ORDERED:**

1. A Final Nondischargable Judgment is hereby entered in the amount of $181,245, less a credit for payments made pursuant to the

EXHIBIT
A

Settlement Agreement in the amount of ____________, as set forth in the Affidavit of Non-Payment, for a net judgment in the amount of ____________, plus interest from the date of default, in favor of Plaintiff, Daniel Geberth, and against Defendant, Al DiSabatino a/k/a Allen DiSabatino.

2. This Final Judgment be and hereby is nondischargeable and shall survive and be excepted from the discharge entered in the underlying Bankruptcy Case, Case Number: 11-45728-NLW, in the U.S. Bankruptcy Court of the District of New Jersey, on June 22, 2012 pursuant to 11 U.S.C. § 523(a)(2)(A) of the United States Bankruptcy Code.

Done and Ordered this ____ day of _______, 20______.

______________________________
Honorable Novalyn L. Winfield
United States Bankruptcy Judge

**Stipulation and Consent to Entry of this Final Nondischargeable Judgment**

I, Allen DiSabatino, admit that the allegations of the Plaintiff, Daniel Geberth's Adversary Complaint filed in Adversary Case Number: 12-01519-NLW, for the U.S. Bankruptcy Court, District of New Jersey, are true and correct, and as such, agree and consent to entry of a Final Nondischargable Judgment in the amount of $181,245 plus interest, pursuant to 11 U.S.C. § 523(a)(2)(A), less payments made to Plaintiff under the Settlement Agreement. Furthermore, I fully understand Plaintiff's claim in the amount of $181,245 is not subject to the Order of Discharge entered on June 22, 2012 in my underlying Bankruptcy, Case Number: 11-45728-NLW, and will be excepted from same.

Dated this 28 day of February 2013.

______________________________
Allen DiSabatino



Approved by Judge Novalyn L. Winfield May 08, 2013